UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JONATHAN MOGG,

    Plaintiff,

v.

MITCHELL D. JACOBS, individually and d/b/a Jacobs Law Office,

    Defendant.

Case No. 15-cv-1142-JPG-DGW

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Mitchell D. Jacobs' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for a stay (Doc. 16). Plaintiff Jonathan Mogg has responded to the motion (Doc. 21), and Jacobs has replied to that response (Doc. 22). In this case, Mogg alleges Jacobs violated various provisions of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, when he sent a collections letter to Mogg and filed a lawsuit against Mogg after Mogg had filed a petition for Chapter 13 bankruptcy.

**I.**  **Standard for Dismissal**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

*EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

The pleading standard is more demanding in cases alleging fraud or mistake. Federal Rule of Civil Procedure 9(b) requires a plaintiff alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Generally, pleading "with particularity" requires a plaintiff to describe the "who, what, when, where, and how" of the fraud, although that formulation is not set in stone and may vary based on the facts of a particular case. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441-42 (7th Cir. 2011).

> The particularity requirement ensures that plaintiffs do their homework before filing suit and protects defendants from baseless suits that tarnish reputations. And the requirement dovetails with lawyers' ethical obligations to ensure they conduct a pre-complaint inquiry before signing off on their clients' contentions.

*Id.* at 439.

## II.  Facts

The facts alleged in this case, accepted as true and viewed in the light most favorable to Mogg, are not complicated. Mogg owed a debt to Ardmore Finance Corporation ("Ardmore"), which had engaged Jacobs to collect the debt from Mogg. Before paying the debt, Mogg, through counsel, filed a petition for bankruptcy under Chapter 13 on September 23, 2014, and listed Ardmore as one of his creditors. Ardmore was served with notice of the bankruptcy filing. At this point, the automatic bankruptcy stay of 11 U.S.C. § 362(a) became effective. About three weeks later, on October 15, 2014, Jacobs sent Mogg a letter trying to collect the debt to Ardmore

even though he knew Mogg had filed a bankruptcy petition and was represented by counsel. Almost seven weeks later, on December 4, 2014, Jacobs filed a state court lawsuit to collect the debt from Mogg, knowing Mogg was still in bankruptcy. On January 5, 2015, the state court stayed the collection case pending discharge or closure of Mogg's bankruptcy proceedings, but Jacobs has not dismissed the case. Two days later, Jacobs filed a proof of claim in Mogg's bankruptcy proceeding seeking to collect the debt to Ardmore as well as attorney's fees and costs incurred by Jacobs for his collection activities.

In October 2015, Mogg filed this lawsuit under the FDCPA alleging that Jacobs violated the act by:

- sending him the October 15, 2014, letter when he knew Mogg was represented by counsel, in violation of § 1692c(a)(2);

- filing a lawsuit to collect a debt after Mogg filed for bankruptcy and refusing to dismiss the suit, thus harassing, oppressing or abusing Mogg, in violation of § 1692d;

- falsely representing in his October 15, 2014, letter and state court filings that the debt was collectible when it was not because of the automatic bankruptcy stay, in violation of § 1692e(2)(A) and (10); and

- attempting to collect attorney's fees and costs incurred in filing a lawsuit in violation of the automatic bankruptcy stay, in violation of § 1692f(1).

At this point, no party really disputes that Mogg is a consumer and that Jacobs is a debt collector under the FDCPA.

Jacobs now asks the Court to dismiss Mogg's FDCPA suit on the grounds that (1) Mogg has not pled Jacobs' knowledge of Mogg's bankruptcy petition with the particularity required by Rule 9(b), (2) Mogg has not pled facts supporting a willful violation of the automatic bankruptcy stay, (3) the Bankruptcy Code is Mogg's exclusive remedy for conduct violating the automatic bankruptcy stay, (4) Jacobs' failure to dismiss the state court lawsuit does not violate the automatic

bankruptcy stay, (5) Jacobs' filing of a proof of claim in Bankruptcy Court was not directed toward Mogg and was not deceiving or misleading, and (6) the Bankruptcy Code precludes Mogg's FDCPA claim based on the filing of a proof of claim.   Alternatively, Jacobs asks the Court to stay this case pending a Supreme Court decision in *Spokeo, Inc. v. Robins*, S. Ct. No. 13-1339, in which the Court will address whether a plaintiff suing under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, has standing under Article III of the Constitution to sue if he suffered no harm from a statutory violation other than the violation itself.

**III.** **Analysis**

The Court first addresses the threshold issue of whether the Bankruptcy Code provides the exclusive remedy for violation of the automatic bankruptcy stay, then turns to Jacobs' other FDCPA-related arguments.

A. Exclusive Remedy

Jacobs argues that Mogg's exclusive remedy for conduct that violates the Bankruptcy Code is through the Bankruptcy Code.   Jacobs notes that several courts have held that the "complex, detailed, and comprehensive provisions" in the Bankruptcy Code to remedy violation of a debt discharge injunction preclude claims under the FDCPA based on the same conduct.   *See Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 510-11 (9th Cir. 2002); *Yaghobi v. Robinson*, 145 Fed. App'x 697, 699 (2d Cir. 2005); *but see Garfield v. Ocwen Loan Servicing, LLC*, 811 F.3d 86, 91 (2d Cir. 2016) (holding FDCPA claim for violation of discharge injunction not precluded by Bankruptcy Code).   Those courts reason that since the Bankruptcy Code provides a civil contempt remedy for violation of a discharge injunction under 11 U.S.C. § 105, a debtor cannot bring a private cause of action under the Bankruptcy Code for such a violation.   *Walls*, 276 F.3d at

510. Debtors should not be able to do an end-run around that prohibition by filing an FDCPA suit. *Id.*

The Seventh Circuit Court of Appeals disagrees. It holds that a debtor can bring an FDCPA claim against a debt collector that demands payment that is not really "due" by virtue of the automatic bankruptcy stay or a discharge injunction. *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004). The *Randolph* Court notes that the FDCPA and the Bankruptcy Code overlap but are not so incompatible or contradictory that they serve to repeal one another, and instead complement each other. *Id.* at 731. For example, remedies under the Bankruptcy Code are only available for willful violations, that is, where a creditor or debt collector knows its demand is forbidden, but not for other violations for which the FDCPA would provide a remedy, although a less substantial one. *Id.* at 730. It further notes that the Bankruptcy Code remedies are not so "comprehensive" after all because they do not address numerous topics covered by the FDCPA such as, for example, class actions, maximum recovery, attorney's fees, and a limitations period. *Id.* at 731. The Court concluded that both remedial systems can coexist. *Id.* at 732-33.

*Randolph*, which this Court is bound to follow, dooms Jacobs' argument that Mogg should proceed before the Bankruptcy Court with respect to alleged conduct that violates the automatic bankruptcy stay. *Randolph* allows Mogg to proceed in this forum under the FDCPA as well, so Jacobs is not entitled to dismissal on this basis.

    B.    <u>Particularity of Pleading</u>

Jacobs argues that Mogg's complaint essentially accuses him of fraudulently attempting to collect Ardmore's debt. Therefore, he believes Mogg must plead his claim with the particularity required by Rule 9(b), specifically, the factual basis for alleging Jacobs knew by October 15, 2014,

that Mogg had filed for bankruptcy and was represented by counsel. Mogg contends he has not plead a cause of action for fraud, so the less demanding notice pleading standards set forth in Rule 8(a) apply.

Generally, the sufficiency of an FDCPA claim is determined by reference to the pleading standards in Rule 8(a), even if the consumer alleges a debt collector made false representations or engaged in deception in his collection efforts. *Prophet v. Myers*, 645 F. Supp. 2d 614 (S.D. Tex. 2008) (collecting cases); *Antoine v. U.S. Bank Nat'l Ass'n*, 547 F. Supp. 2d 30, 37 n.2 (D.D.C. 2008); *Neild v. Wolpoff & Abramson, LLP*, 453 F. Supp. 2d 918, 923-24 (E.D. Va. 2006). This is because an FDCPA claim is substantially different from a fraud claim, *Nield*, 453 F. Supp. 2d at 923, and the policy considerations that attend a heightened pleading standard in a fraud claim do not exist in an FDCPA claim.

Here, Mogg's complaint satisfies the notice pleading standards of Rule 8(a) with respect to pleading Jacobs' knowledge of Mogg's bankruptcy and representation, and that is all it must do. Dismissal is not warranted for failure to satisfy Rule 9(b)'s pleading standard in this regard. If Jacobs did not know of Mogg's bankruptcy and representation until after he filed the state court collection action, he may raise the issue in a summary judgment motion.

    C.    <u>Willfulness of Stay Violation</u>

Similar to the prior argument, Jacobs asserts Mogg has not sufficiently pled facts to support the inference that he willfully violated the bankruptcy stay applicable under 11 U.S.C. § 362(a). As noted above, willfulness is an essential to recover certain damages under the Bankruptcy Code for violation of the stay. *See* 11 U.S.C. § 362(k). Mogg believes Jacobs' argument is misplaced because Mogg has not sought relief under the Bankruptcy Code but only under the FDCPA, where

willfulness is not necessary to prove a cause of action.

Mogg is correct that he does not need to allege or prove Jacobs' willfulness in violating the automatic bankruptcy stay because he has not brought a cause of action under the Bankruptcy Code. On the contrary, Mogg has brought a cause of action under the FDCPA, which, as noted above, he can pursue independently of bankruptcy remedies. The FDCPA does not require a showing of willfulness in the plaintiff's case (although willfulness may be relevant to the affirmative defense of a defendant's lack of intent that is set forth in § 1692k(c)). *See Ross v. RJM Acquisitions Funding LLC*, 480 F.3d 493, 495 (7th Cir. 2007). Jacobs is not entitled to dismissal on this basis.

D. Dismissal of State Case

Mogg alleges that Jacobs' failure to dismiss his state court collection action after he learned Mogg was in bankruptcy had the natural consequence of harassing, oppressing or abusing Mogg in violation of § 1692d. Jacobs asks the Court to dismiss Mogg's claim to the extent it is based on this conduct because he had no duty to affirmatively seek dismissal so long as he took no further action to pursue the state court case. Mogg argues that because the automatic bankruptcy stay was already in place when Jacobs filed the state court lawsuit, the petition commencing the suit is void, and the case should be dismissed.

The parties arguments are not helpful because they focus on whether Jacobs' conduct violated the automatic bankruptcy stay, not whether he "engage[d] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," the conduct prohibited by § 1692d. No party addresses the question of whether simply refusing to seek dismissal of a stayed state court collections action that was filed in violation of an

automatic bankruptcy stay is the kind of conduct "the natural consequence of which is to harass, oppress, or abuse" the debtor. Mogg alleges in his complaint that it is, and because Jacobs had not carried his burden on a motion to dismiss to show that, as a matter of law, it is not, the Court will not dismiss this part of Mogg's claim.

E. <u>Bankruptcy Court Filings</u>

Jacobs argues that his filing of a proof of claim in Mogg's bankruptcy case on behalf of Ardmore does not fall within the ambit of the FDCPA because any false statements therein, assuming there were any, were immaterial and did not mislead or deceive anyone. Furthermore, the statements were directed to the Bankruptcy Court and Mogg's attorney, not Mogg, the consumer. Mogg, he notes, is protected by the Bankruptcy Code's claims filing procedures so does not need the additional protections of the FDCPA for alleged errors in proofs of claims.

In response, Mogg clarifies that his allegations of violation of § 1692f(1) are based only on Jacobs' October 15, 2014, letter and his state court collection action filings, not his Bankruptcy Court proof of claim. Indeed, his complaint alleges Jacobs violated § 1692f(1) "by allegedly collecting his attorneys [sic] fees and costs of collection for a lawsuit filed in direct violation of the Bankruptcy Code." Compl. ¶ 32.

While the Court is puzzled how Jacobs could have been attempting to collect attorney's fees and costs in October 2014 for a lawsuit that was not filed until December 2014, the Court accepts Mogg's representation that his alleged violation of § 1692f(1) was not based on the proof of claim Jacobs filed in Mogg's bankruptcy proceeding. In light of the fact that Mogg has not made any claim in his case based on any Bankruptcy Court filing, the Court finds Jacobs' request to dismiss claims based on such filings is moot.

F.  Stay

Finally, Jacobs asks the Court to stay this case pending the Supreme Court's decision in *Spokeo, Inc. v. Robins*, No. 13-1339, *cert. granted*, 135 S. Ct. 1892 (2015). In that case, the Supreme Court is reviewing a decision of the Ninth Circuit Court of Appeals, *Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014), holding that a plaintiff suing under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, has standing under Article III of the Constitution to sue for violations of the act even without showing actual or imminent concrete injury. *Id.* at 413-14. The *Spokeo* plaintiff, Robin, sued because Spokeo, Inc. published incorrect information about him on its website, which violated the FCRA but which may not have led to any concrete injury to Robins. *Robins*, 742 F.3d at 410-11, 414 n.3. The Supreme Court heard oral argument in *Spokeo* on November 2, 2015, but has not yet issued a decision, although it is likely to do so within the next few months. *See* Lee Epstein, William M. Landes & Richard A. Posner, *The Best for Last: The Timing of U.S. Supreme Court Decisions*, 64 Duke L.J. 991, 993 (2015) (noting that the vast majority of cases are decided within the same term they are heard, which usually concludes in June or early July each year).

Jacobs argues that there is a "strong possibility that the Supreme Court may overturn the Ninth Circuit," Def.'s Mem. Supp. Mot. Dismiss at 13, and decide a plaintiff must suffer more than a violation of a statutorily created right to have standing to sue. He believes Mogg has only alleged a bare statutory violation and urges the Court to stay this case until a decision in *Spokeo* is rendered, which may show Mogg has no standing to sue in this case. Mogg argues that *Spokeo* is not guaranteed to end in a decision that dictates the result of this case, would remove any incentive for Jacobs to settle this case, and would interfere with the expeditious resolution of this case.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936). The Court has discretion to stay a proceeding after considering and weighing the competing interests, including such things as the hardship or inequity that would be suffered by the parties or others if the litigation moves forward, the efficient use of judicial resources, the length of the anticipated delay and the complexity of the issues involved. *Id.* at 254-56.

The Court believes a stay is not appropriate in this case. First, the law applicable within the Seventh Circuit is consistent with the decision under review in *Spokeo*: "Congress does have the power to 'enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute.'" *Sterk v. Redbox Automated Retail, LLC,* 770 F.3d 618, 623 (7th Cir. 2014); *accord Keele v. Wexler,* 149 F.3d 589, 593-94 (7th Cir. 1998) (FDCPA context). Thus, unless and until a *Spokeo* decision overrules *Sterk* and *Keele*, even if Mogg alleged a bare statutory injury, the applicable law says he has standing to sue.

Second, Mogg has arguably alleged more than a bare statutory violation. He has alleged that he was confused and upset by the alleged wrongful demands and was forced to spend money seeking counsel's assistance to clarify his situation. Without expressing any opinion on the adequacy of these alleged injuries for standing purposes, the Court finds that Mogg has alleged an injury arguably beyond a bare violation of the FDCPA, so it is not clear that even a decision adverse to him in *Spokeo* could completely resolve this case.

Finally, the Court does not believe it would be a significant waste of the parties' or the court's resources to continue over the next three months or so to litigate this case while waiting for

*Spokeo* to be decided. The parties are likely to have already conducted significant discovery, which closes on April 1, 2016, and other issues mentioned earlier in this order may quickly resolve this case on summary judgment before the Supreme Court's decision. However, the Court is mindful that the decision may be issued beyond the May 1, 2016, dispositive motion deadline in this case. The Court therefore will allow Jacobs to petition the Court for a reasonable extension of that deadline <u>for the purposes of filing a summary judgment motion addressing the issue of standing only</u> once a decision in *Spokeo* is issued. The Court will not find Jacobs has waived his right to file a dispositive motion based on standing by the failure to include the argument in the dispositive motions due May 1, 2016.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Jacobs' motion to dismiss or, in the alternative, for a stay (Doc. 16).

**IT IS SO ORDERED.**
**DATED:   March 15, 2016**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
